AZADIAN LAW GROUP, PC
GEORGE S. AZADIAN (SBN 253342)
ANI AZADIAN (SBN 284007)
707 Foothill Blvd., Suite 200
La Cañada Flintridge, California 91011
Ph.:  (626) 449-4944
Fax:  (626) 628-1722
Email: George@azadianlawgroup.com

Attorneys for Plaintiff,
  MATTHEW MCCLURE and the Proposed Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MCCLURE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME SHIELD CORPORATION, a Delaware corporation,<br><br>Defendant. | CASE NO. 2:22-cv-2163<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT FOR DAMAGES**

Plaintiff Matthew McClure ("Plaintiff") alleges as follows on knowledge as to himself and his own acts/interactions, and on information and belief as to all other matters:

## INTRODUCTION AND NATURE OF ACTION

1. Plaintiff brings this action on his own behalf and on behalf of class of similarly situated individuals for statutory damages, injunctive relief and any other available legal or equitable remedies, resulting from the illegal actions of Defendant American Home Shield Corporation in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone with prerecorded messages without prior express consent, continuing to contact his cellular telephone after expressly requesting not to receive calls, in all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

## JURISDICTION & VENUE

2. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims for violations of 47 U.S.C. § 227 et seq.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the defendant transacts business in this District and a substantial part of the events giving rise to the above-captioned action occurred in this District.

## PARTIES

4. Plaintiff, at all times relevant hereto, is and has been a resident of the State of California.

5. Defendant American Home Shield Corporation ("Defendant"), at all times relevant hereto, is and has been a Delaware corporation with its principal place of business in Memphis, Tennessee. Defendant regularly directs, markets, and provides its business activities throughout the State of California.

**CLASS ACTION COMPLAINT FOR DAMAGES**

# FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant regularly makes calls with use of a prerecorded message and/or autodialed telephone calls to consumers in order to solicit business.

7. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number.

8. Plaintiff was a customer of Defendant until the expiration of his coverage with Defendant, which was on or around February 2022.

9. Plaintiff is not aware of providing prior express consent to receive calls or voicemail messages from Defendant on his cellular phone, including prerecorded or artificial voice message calls.

10. Starting in or around January 2022, Defendant called Plaintiff on his cellular, sometimes numerous calls per day, with a prerecorded voice requesting him to renew his coverage with Defendant.

11. Plaintiff's cellular telephone number ending in 8705. Plaintiff is the subscriber and sole user of the 8705 number and is financially responsible for phone service to the number.

12. Defendant has been calling Plaintiff using the phone number (502) 715-4629 to call Plaintiff.

13. Defendant's prerecorded calls and voicemails to Plaintiff have the identical prerecorded voice message.

14. The calls also did not provide Plaintiff with the ability to get a live person on the phone to speak with them and request the calls to stop.

15. On or about February 2, 2022, Plaintiff called Defendant at 800-581-1515 and requested for the calls to stop and to be placed on Defendant's do-not-call list. Defendant told Plaintiff he would be placed on their do-not-call list and that a note was immediately placed in his file to indicate that Plaintiff was not to be

called. However, a few hours after this conversation with Defendant, Plaintiff received another call from Defendant with the same prerecorded voice.

16. Given Defendant's complete disregard, that same day Plaintiff sent a message to Defendant's Twitter account requesting the calls to stop. Plaintiff provided the information and expressed his frustration with the voluminous calls he was receiving and again requested the calls to stop. Defendant replied back through its Twitter account requesting Plaintiff's property address or contact number to better assist him.

17. Plaintiff sent Defendant another twitter message wherein he provided the voicemail he had received an hour earlier from Defendant, with the same prerecorded voice. Plaintiff again requested the calls to stop. Defendant replied apologizing for the calls and assuring Plaintiff that the calls would stop.

18. However, a few hours later, Plaintiff received another call with a prerecorded voice from Defendant with the same exact same message. Plaintiff shared the voicemail again on Defendant's twitter correspondence, to which Defendant replied that "over the next 3-5 business days, the calls will be fewer and fewer, and by the 5th day the latest is when you should no longer receive anymore sales calls." Plaintiff expressed how he was being harassed by the Defendant and how it would continue even within that 3-5 day process time quoted by Defendant.

19. Defendant continued calling Plaintiff, including sometimes calling back-to-back on the same day or calling multiple times per day with the same prerecorded voice.

20. On March 9, 2022, Plaintiff again called Defendant requesting the calls to stop. Again, Plaintiff was told by Defendant that the calls would stop. However, Plaintiff continued receiving multiple calls daily from Defendant with a prerecorded voice.

**CLASS ACTION COMPLAINT FOR DAMAGES**

21. Despite Plaintiff's multiple requests to stop contacting him on his cellular phone, including contacting Defendant using different outlets such as Twitter, Defendant continued to call Plaintiff up to three times per day using the exact same prerecorded voice message.

22. On approximately March 24, 2022, Plaintiff also received a text message from the number 129, which stated "Please call 15027154629." This was the same number used by Defendants in repeatedly calling Plaintiff with a prerecorded voice. A call to this number confirmed that it was an automated voice stating the number was that of Defendant.

23. The text message was generic in nature and, on information and believe, were sent to thousands of people.

24. To date, Plaintiff has received approximately 47 calls from Defendant.

25. Upon information and belief, Defendant has a policy and regular practice of placing calls, or knowingly sanctioning such calls, to consumers using a prerecorded or artificial voice.

26. Defendant's calls were not for the purpose of an emergency. Defendant's calls were unsolicited and not in response to an inquiry from Plaintiff.

27. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

28. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

29. Plaintiff seeks statutory damages and injunctive relief under 47 U.S.C § 227(b)(3).

**CLASS ACTION COMPLAINT FOR DAMAGES**

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

31. Plaintiff brings this case on behalf of "**the Classes**" defined as follows:

> **No Consent Class:** All persons within the United States who, within the four years prior to the filing of this Complaint, received any call to his or her cellular phone from or on behalf of Defendant through the use of a prerecorded or artificial voice without his or her prior express consent.
>
> **Revoked Consent Class:** All persons within the United States who, within the four years prior to the filing of this Complaint, received any call to his or her cellular phone from or on behalf of Defendant through the use of a prerecorded or artificial voice after revoking his or her consent to receiving calls from Defendant.
>
> **Do-Not-Call Registry Class:** All persons within the United States who, within the four years prior to the filing of this Complaint received any call to his or her cellular phone from or on behalf of Defendant through the use of a prerecorded or artificial voice where his or her telephone number had been listed on the National Do Not Call Registry for at least thirty days, for the purpose of encouraging the purchase of Defendant's products or services.
>
> **No Consent Text Class:** All persons within the United States who, within the four years prior to the filing of this Complaint, received any text to his or her cellular phone from or on behalf of Defendant through the use of an automatic telephone dialing system without his or her prior express consent.

      **Revoked Consent Text Class:** All persons within the United States who, within the four years prior to the filing of this Complaint, received any text to his or her cellular phone from or on behalf of Defendant through the use of an automatic telephone dialing system after revoking his or her consent to receiving calls or texts from Defendant.

32. Defendants, their employees and other agents, the Judge to whom this action is assigned and any members of the Judge's staff, and claims for personal injury and/or emotional distress are excluded from the Classes. Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33. Plaintiff does not know the number of members in the defined Classes but believes, based on popularity, number of customers, and the advertising of the product/service, that the number is in the hundreds, if not substantially higher. Thus, joinder of all the defined Class members is impractical due to the size and relatively small value of each member's claim.

34. The members of the Classes share well defined, nearly identical, questions of law and fact, which predominate over questions that may affect individual members of the Classes. These common questions of law and fact include:

    a. Whether, within the four years prior to the filing of this Complaint, received any call to his or her cellular phone from or on behalf of Defendant through the use of a prerecorded or artificial voice after revoking his or her consent to receiving calls from Defendant

    b. Whether, within the four years prior to the filing of this Complaint, received any call to his or her cellular phone from or on behalf of Defendant

**CLASS ACTION COMPLAINT FOR DAMAGES**

through the use of a prerecorded or artificial voice after revoking his or her consent to receiving calls from Defendant.

c. Whether within the four years prior to the filing of this Complaint received any call to his or her cellular phone from or on behalf of Defendant through the use of a prerecorded or artificial voice where his or her telephone number had been listed on the National Do Not Call Registry for at least thirty days, for the purpose of encouraging the purchase of Defendant's products or services.

d. Whether Defendant's conduct was a negligent violation of the TCPA.

e. Whether Defendant's conduct was knowing and/or willful violation of the TCPA.

f. Whether Defendants should be enjoined from placing such texts in the future.

g. Whether Defendant should be enjoined from placing such calls in the future.

35. Members of the Classes are ascertainable and can be identified through Defendant's records.

36. Plaintiff and members of the Classes are entitled to statutory damages as provided for under the TCPA.

37. As persons that received calls from Defendants, without their prior express consent, or revoking consent, or while being registered on the National Do-Not-Call Registry, Plaintiff is asserting claims that are typical of the Classes.

38. Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

39. Plaintiff and the members of the Classes have all suffered harm as a result of Defendant's unlawful and wrongful conduct. Because of the size of the

**CLASS ACTION COMPLAINT FOR DAMAGES**

individual class member's claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein.

40. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

41. A class action is a superior method for the fair and efficient adjudication of this controversy.

42. Defendant has acted on grounds generally applicable to the Classes and evidence of Defendant's TCPA violations can be determined on a class-wide basis.

## FIRST CLAIM

## NEGLIGENT VIOLATIONS OF THE TCPA

## (BY PLAINTIFF AND THE CLASSES AGAINST DEFENDANT)

43. Plaintiff incorporates by reference all preceding paragraphs.

44. The forgoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the members of the Classes are entitled to statutory damages of $500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and the members of the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CLAIM

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

## (BY PLAINTIFF AND THE CLASSES AGAINST DEFENDANT)

47. Plaintiff incorporates by reference all preceding paragraphs.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

49. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the members of the Classes are entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

50. Plaintiff and the members of the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CLAIM
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## (BY PLAINTIFF AND THE DO-NOT-CALL REGISTRY CLASS AGAINST DEFENDANT)

51. Plaintiff incorporates by reference all preceding paragraphs.

52. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

53. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

54. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone

**CLASS ACTION COMPLAINT FOR DAMAGES**

subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

55. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do-Not-Call Registry Class members who registered their respective telephone numbers on the National Do-Not-Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

56. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do-Not-Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do-Not-Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

57. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## JURY TRIAL DEMANDED

58. Plaintiff demands a jury as to all claims.

## PRAYER FOR RELIEF

59. WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the members of the Classes the following relief against Defendant:

   a. An Order, pursuant to Federal Rule of Civil Procedure 23(c) and (g), certifying the proposed Classes and appointing Plaintiff's undersigned counsel of record to represent the Classes.

b. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the Classes $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

c. As a result of Defendant's willful and/or knowing violation of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the Classes treble damages, as provided by statute, up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

d. Plaintiff and the members of the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

e. An award of attorneys' fees and costs to counsel.

f. Such other relief as the Court deems just and proper.

Dated: April 1, 2022  Respectfully submitted,

AZADIAN LAW GROUP, PC

By: */s/ George S. Azadian*
George S. Azadian
Attorneys for Plaintiff MATTHEW MCCLURE and the Proposed Class